UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

**DENISE BAILEY-HERUD,**

    **Plaintiff,**

v.

**Civil Action No. _____**

**CENTRAL CREDIT SERVICES, INC.;**
**DEBRA GREEN; and**
**DOE 1-5**

    **Defendants.**

_____

## COMPLAINT

**(Jury Trial Demanded)**

1.    Plaintiff alleges violation of the Fair Debt Collection Practices Act, 15 U.S.C. 1692 et seq. ("FDCPA").

### JURISDICTION AND VENUE

2.    This Court exercises jurisdiction under 15 U.S.C. 1692k and 28 U.S.C. 1331. This District is of proper venue as Plaintiff is a resident within this District and Defendant engaged in collection efforts against Plaintiff while Plaintiff so resided.

### PARTIES

1

3. Plaintiff, DENISE BAILEY-HERUD (hereinafter "Plaintiff" or "Mrs. Bailey-Herud"), is a natural person residing in Williamsville, New York.  Defendant CENTRAL CREDIT SERVICES, INC. (hereinafter "Defendant") is a Florida corporation believed to maintain its principle place of business at 9550 Regency Square Blvd. #500, Jacksonville, FL. 32225.  Defendant DEBRA GREEN is believed to be an agent or an employee of CENTRAL CREDIT SERVICES, INC. as a debt collector.  Plaintiff is ignorant of the true names and capacities of the defendants sued herein as DOE 1-5, and therefore sues these defendants by such fictitious names.  Plaintiff will amend this Complaint to allege the true names and capacities once ascertained.  Plaintiff believes and thereon alleges that the fictitiously named defendants are responsible in some manner for the occurrences herein alleged, and that such defendants are responsible to Plaintiff for damages and/or monies owed.  Defendants CENTRAL CREDIT SERVICES, INC., DEBRA GREEN, and DOE 1-5 shall be jointly referred to as "Defendants" herein.

4. Defendants regularly operate as third-party debt collector and are "debt collectors" as defined in 15 U.S.C. 1692a.

## FACTUAL ALLEGATIONS

5. On April 28, 2011, Equable Ascent Financial, a company to whom Mrs. Bailey-Herud allegedly owed a consumer debt, received a letter of representation from Attorney Robert Amador of Centennial Law Offices.  At some point in time after April 28, 2011, the account with Equable Ascent Financial was sent to Defendants for collection.

6. On or about September 14, 2011, Defendants sent a sent a collection letter to Mrs. Bailey-Herud. Defendants addressed the letter as follows:

> "DENISE M BAILEY
> C/o Centennial Law Offices
> 9452 Telephone Rd 156
> Ventura CA 93004-2600"

The address in Ventura, CA. belongs to Centennial Law Offices.

7. On September 22, 2011, Debra Green of Central Credit Services called Ms. Bailey-Herud directly in an attempt to collect upon the debt. Ms. Bailey advised Ms. Green that she was represented by Centennial Law Offices. Ms. Green then called Mr. Amador. In her conversation with Mr. Amador, Ms. Green admitted that she obtained Mr. Amador's number from information that was already in Defendants' records. Ms. Green also admitted that the account had the client's name and phone number along with that of Centennial Law Offices and that she deliberately called client's (716) area-code number (whereas Centennial Law Offices has a toll-free number). When questioned as to why she called the client instead of her attorney, Ms. Green became argumentative and stated: "Really I could hang up and call her [Mrs. Bailey-Herud] right back." She added that Equable Ascent Financial had been informed that Mrs. Bailey-Herud was represented by counsel even before the account was sent to Defendants.

## CAUSES OF ACTION

### COUNT I

15. Plaintiff re-alleges paragraphs 1 through 7, inclusive, and by this reference incorporate the same as though fully set forth herein. Plaintiff is informed and believes and

herein alleges that Defendants violated 15 U.S.C. 1692c(a)(2) with regards to Plaintiff as follows: Defendants made a deliberate collection call directly to Plaintiff after having actual knowledge that Plaintiff was represented by counsel and having the means to contact Plaintiff's counsel.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays judgment against Defendant for recovery, each count in the alternative, as follows:

1.) For statutory damages in the amount of $1,000 pursuant to 15 U.S.C. 1692k(2);

2.) For actual damages of $2,155.00 for legal costs in responding to unlawful collection activity.

3.) For prejudgment interest in an amount to be proved at time of trial;

4.) For attorney's fees pursuant to 15 U.S.C. 1692(k)

5.) For the costs of this lawsuit; and

6.) For any other and further relief that the court considers proper.

## JURY DEMAND

Plaintiff demands a jury trial.

Date:  September 20, 2012

_____

5

ROBERT AMADOR, ESQ.
Attorney for Plaintiff DENISE BAILEY-HERUD
9452 Telephone Rd. 156
Ventura, CA. 93004
(888)308-1119 ext. 11
R.Amador@centenniallawoffices.com